# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

MAJOR WILLIAMS, JR
Reg #30186-044                                                                                          PETITIONER

VS.                            2:14CV00138 JLH/JTR

C V RIVERA, Warden,
Warden, FCI Forrest City                                                                                RESPONDENT

# RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

Mail any objections to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Major Williams, Jr. ("Williams"). *Doc. 1*. Before addressing Williams' habeas claims, the Court will review the procedural history of the case.

In 1996, Williams was convicted, in the Middle District of Louisiana, of the following crimes: (1) possession of an unregistered sawed-off shotgun; and (2) felon in possession of a firearm. *Doc. 10-1*. On December 20, 1996, he was sentenced to 327 months in the BOP as an armed career criminal under 18 U.S.C. § 924(e). *Id*.

On December 25, 1997, the Fifth Circuit affirmed Williams' direct appeal of his conviction. *United States v. Williams*, 132 F.3d 1456 (5th Cir. 1997). Since that time, Williams has filed numerous § 2255 Petitions in the Middle District of Louisiana and the Fifth Circuit, all of which have been denied or dismissed.

In November of 2013, Williams filed a successive § 2255 Petition in the Middle District of Louisiana. He argued that his prior state-court convictions did not provide an adequate predicate for the federal sentencing court to determine that he was a career offender. Williams relied on the United States Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), holding that "sentencing courts may not apply the modified categorical approach [to determine if a prior offense was a violent felony under the Armed Career Criminal Act] when

the crime of which the defendant was convicted has a single, indivisible set of elements." *Descamps*, 133 S. Ct. at 2282.

The United States District Court for the Middle District of Louisiana transferred Williams' Petition to the Fifth Circuit for a determination of whether he should be allowed to proceed with a successive § 2255 action. On January 13, 2014, the Fifth Circuit denied Williams relief on the ground that *Descamps* did not apply retroactively to cases on collateral review: "The [Supreme Court] relied on its existing case law and gave no indication that it was announcing a new rule of constitutional law that was to be applied retroactively." *In re Major Williams*, 5th Cir. slip op. No. 13-31194 (Jan. 13, 2014) (unpublished *per curiam*).

On November 26, 2014, Williams initiated this *pro se* habeas action. *Doc. 1*. In support of § 2241 habeas relief, he restates his § 2255 argument that, based on *Descamps*, his prior state-court convictions did not provide an adequate predicate for the federal sentencing court to determine that he was a career offender. Williams has also filed Motions (*docs. 13 and 19*) requesting leave to assert a habeas claim pursuant to the United States Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), holding that the "residual clause" of the Armed Criminal Career Act is unconstitutionally vague.

Respondent argues that this Court lacks jurisdiction to consider either of Williams' claims in a § 2241 habeas action. *Docs. 10, 17.*

For the reasons discussed below, the Court concludes that it lacks jurisdiction, and recommends that this habeas action be dismissed, with prejudice.

## II. Discussion

### A. Williams' Habeas Claim Based On The Court's Decision In *Descamps*

It is well established that a federal prisoner must collaterally attack his conviction in a § 2255 action brought in the sentencing court. *Lopez v. Sanders*, 590 F.3d 905, 906 (8th Cir. 2010). However, the savings clause of 28 U.S.C. § 2255(e) permits a federal prisoner to challenge his conviction in a § 2241 habeas action, in the court of incarceration, when the § 2255 remedy is "inadequate or ineffective." *Id.* The prisoner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Id.*

Williams argues that the § 2255 remedy is inadequate or ineffective because the Government has filed papers in other cases conceding that *Descamps* is retroactive to cases on collateral review.[1] Regardless of the alleged concessions made by the Government in other cases, the United States Supreme Court has *not* made *Descamps* retroactively applicable to cases on collateral review. *See In re*

---

[1] Williams specifically cites *United States v. Isidoro*, 2013 WL 5353001 (S.D. Cal. Sept. 23, 2013) ("The Government having conceded 'that *Descamps* is retroactive and applies to the instant case' cannot avoid the error by claiming that it is a non-constitutional sentencing error. The Court concludes that the claim of error in this case is cognizable under 28 U.S.C. § 2255.") In the other case cited by Williams, *United States v. Williams III*, E.D. Ark. No. 4:08CR00240 JLH, United States District Judge J. Leon Holmes concluded that *Descamps* was *not retroactive*: "*Descamps* does not create a newly recognized constitutional right made retroactively applicable to cases on collateral review." *Id.* at doc. 57 p. 2 (citing cases). However, in that case, the Government filed a motion *affirmatively waiving* a "non-retroactivity defense," and Judge Holmes considered the merits of the petitioner's § 2255 ineffective of counsel claim based on *Descamps*. *Id.* at pp. 4-4.

*Jackson*, 776 F.3d 292, 296 (5th Cir.2015) ("Nothing in *Descamps* indicates that its holding announced a new rule that was constitutionally based, and *Descamps* did not announce that its holding applied retroactively to cases on collateral review."); *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014) ("To date, the Supreme Court has not made *Descamps* retroactive on collateral review."), *cert. denied*, 135 S. Ct. 501 (2014).

Williams' *Descamps* claim is simply a restatement of the same argument he made before the Fifth Circuit, which denied him permission to pursue a successive § 2255 action. The fact that § 2255 is no longer available to Williams does not make that remedy inadequate or ineffective for purposes of the savings clause. *See Abney v. Warden*, 2015 WL 4546193, *4 (11th Cir. July 29, 2015) ("*Descamps* does not apply retroactively to cases on collateral review, and is not a proper basis for granting relief under § 2241 via the savings clause of § 2255(e)"); *Strickland v. English*, 2013 WL 4502302 (N.D. Fla. Aug. 22, 2013) ("*Descamps* does not open the § 2241 portal" to habeas claims under the § 2255(e) savings clause).

Thus, the Court concludes that it lacks jurisdiction over Williams' *Descamps* claim.

    A.    **Williams' Habeas Claim Based On The Court's Decision In *Johnson***

After Williams initiated this habeas action, the Court decided *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015). In that case, the Court held that the

"residual clause" of the Armed Career Criminal Act is unconstitutionally vague, and thus violates the Due Process Clause of the Fifth Amendment.[2]

Williams has filed a pleading styled "Request in Light of *Johnson v. United States*," asserting a habeas claim pursuant to *Johnson*.[3] He argues that his federal sentence was unconstitutionally enhanced because the sentencing court considered a prior state-court conviction for simple burglary to be a "violent offense" under the Armed Criminal Career Act's residual clause.

Assuming Williams is correct, he must pursue his *Johnson* claim in a § 2255 action filed in the sentencing court, *not* in a § 2241 habeas action filed in the court of his current incarceration. Importantly, the Court's decision in *Johnson* rests on *constitutional* grounds. Section § 2255(h)(2) authorizes a successive habeas action based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." While the Court in *Johnson* did not expressly address whether that decision would be applied retroactively to cases on collateral review, a number of courts that have considered

---

[2] The Armed Career Criminal Act imposes an increased prison term on a defendant with three prior convictions for "violent felonies." 18 U.S.C. § 924(e)(1). The Act's "residual clause," 18 U.S.C. § 924(e)(2)(B), defines a "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another."

[3] The Court has construed Williams' "request" as a Motion to Amend to assert a § 2241 habeas claim pursuant to *Johnson*. *Doc. 14*. Respondent has filed a Response (*doc. 17*) to the Motion, to which Williams has filed a "Motion for Traverse" (*doc. 19*), again attempting to assert a *Johnson* claim.

As a general rule, leave to amend "shall be freely given when justice so requires," see Fed. Civ. P. 15(a). However, the Court may disallow amendment for various reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Moore-El v. Luebbers*, 446 F.3d 890, 901-902 (8th Cir. 2006) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

*Johnson* claims, in § 2241 habeas actions, have dismissed them for lack of jurisdiction. *See Hollywood v. Rivera*, E.D. Ark. No. 2:15CV00113 JM/BD, 2015 WL 5050253 (E.D. Ark. Aug. 4, 2015) ("[Petitioner] has not demonstrated that the § 2255 remedy is inadequate or ineffective in order to trigger the statute's savings clause. But, [Petitioner] may petition the Eighth Circuit Court of Appeals to file a second or successive petition under 28 U.S.C. § 2255(h)(2), citing the Supreme Court's decision in *Johnson*."); *King v. Cross*, 2015 WL 5719723 (S.D. Ill. Sep. 30, 2015) (dismissing a § 2241 habeas action asserting a *Johnson* claim "given the potential availability of relief under § 2255"); *Clark v. Butler*, 2015 WL 5722792 (E.D. Ky Sep. 29, 2015) ("Courts have . . . consistently found that a habeas corpus petition under § 2241 is not a proper method to assert a claim under *Johnson*.") (collecting cases).[4]

Where a habeas petitioner seeks to file a successive § 2255 habeas action, based on a new rule of constitutional law, the request must be filed in the appropriate court of appeals, within one year from the date on which the United States Supreme Court recognized the right asserted. *See* 28 U.S.C. § 2255(f)(3).

---

[4] On October 13, 2015, Williams filed a "Supplement" (*doc. 20*) citing a pending Eighth Circuit case, *Wilson v. United States*, 8th Cir. No. 15-2942. In that case, the petitioner requests authorization to pursue a successive § 2255 action to assert a *Johnson* claim in the sentencing court. The Government has filed a response in that case conceding that "*Johnson* appears to announce a new substantive rule [of constitutional law]" that should apply retroactively under § 2255(h)(2).
    Contrary to Williams' suggestion, the Government's concession in the *Wilson* case *supports* the Court's conclusion that he should pursue his *Johnson* claim by requesting authorization to file a successive § 2255 action in the Fifth Circuit, *not* a § 2241 action in the court of his current incarceration.

Because *Johnson* was decided on June 26, 2015, Williams has ample time to file such a request in the Fifth Circuit.

For the foregoing reasons, the Court concludes that it lacks jurisdiction over Williams' *Johnson* claim.[5] If Williams wishes to pursue a *Johnson* claim, he should promptly file a Petition, in the Fifth Circuit, requesting authorization to proceed with a successive § 2255 action under 28 U.S.C. § 2255(h)(2).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this § 2241 Petition for a Writ of Habeas Corpus (*doc. 1*) along with Petitioner's "Request in Light of *Johnson v. United States*" (*doc. 13*) and "Motion for Traverse" (*doc. 19*), be DISMISSED, WITH PREJUDICE.

Dated this 20th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] Because the Court lacks jurisdiction, Williams' requested amendment to assert a *Johnson* claim in this § 2241 habeas action is futile.